# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MARTHA WILBORN**                                                                              **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:18cv371-LG-RHW**

**EQUIFAX, INC. and EQUIFAX**
**INFORMATION SERVICES, LLC**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT is the [4] Motion to Dismiss filed by Defendants Equifax, Inc. and Equifax Information Services, LLC. The Motion argues that Plaintiff's claims are barred by the two-year statute of limitations in the Fair Credit Report Act ("FCRA") and that Equifax, Inc. is not a proper defendant for Plaintiff's FCRA claim because it is not a consumer reporting agency. Plaintiff has not responded to the Motion, and her time for doing so has long since expired. Having considered Defendants' Motion, the record, and relevant law, the Court concludes that Defendant's [4] Motion to Dismiss should be granted because Plaintiff's claims are time-barred.

## I. BACKGROUND

Plaintiff Martha Wilborn filed her Complaint in the Circuit Court of George County, Mississippi on September 18, 2018. She alleges Defendants incorrectly reported – and continue to incorrectly report – that a court judgment she won against Dayson Ball on August 7, 2012 had instead been entered against her in Dayson Ball's favor. Wilborn notified Equifax Information Services of the error

several times. Each time, Equifax Information Services responded indicating that it had investigated her concern but did not find error. The most recent correspondence indicating no change in her report was received on October 2, 2015. Wilborn's Complaint asserts claims for negligence under Mississippi law and violation of the FCRA, 15 U.S.C. § 1681 et seq.

The case was removed to federal district court on the basis of federal question jurisdiction on November 20, 2018. On November 27, 2018, Defendants filed the instant Motion to Dismiss.

## II. DISCUSSION

a. <u>Motion to Dismiss Standard</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's*

*Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

b. Analysis

Applicable here, a private action under the FCRA must be brought within two years of the date the plaintiff discovers the violation that is the basis for the lawsuit. 15 U.S.C. § 1681p(1); *Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014). At the very latest, Wilborn discovered that Defendants continued to misreport the erroneous legal judgment in her credit report on October 2, 2015, when she received a third investigation correspondence from Equifax Information Services, LLC. *See Mack*, 748 F.3d at 665 ("[T]he limitations period began to run when Mack discovered that Hilco had obtained his credit report without his consent."). The limitations period on any claim related to this incident ran on October 2, 2017, but Wilborn did not file her Complaint until September 18, 2018. Her claim under the FCRA is therefore untimely and due to be dismissed.

Though not addressed in Defendants' Motion, Wilborn's negligence claim must also be dismissed because it is preempted by the FCRA. 15 U.S.C. § 1681h(e) states,

> Except as provided in sections 1681n and 1681*o* of this title, **no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency**, any user of information, or any person who

– 3 –

> furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report **except as to false information furnished with malice or willful intent to injure such consumer**.

15 U.S.C. § 1681h(e) (emphasis added). The plain language of section 1681h(e) expressly preempts all non-FCRA actions in the nature of "negligence with respect to the reporting of information against any credit reporting agency." By its very nature, negligence does not imply conduct undertaken with malice or willful intent to injure, and Wilborn's Complaint alleges no such conduct by Defendants. *See Elliott v. TRW, Inc.*, 889 F. Supp. 960, 961 (N.D. Tex. 1995) ("Plaintiff admits that the FCRA preempts his first cause of action of defamation because he 'never alleged that his damages were the result of malice toward Plaintiff or a willful intent to injure Plaintiff.'"). Wilborn's state law negligence claim must therefore be dismissed because it is preempted by the FCRA.[1]

---

[1] Though not yet addressed by the Fifth Circuit, some federal courts construe 15 U.S.C. § 1681t(b)(1)(F) to have effectively displaced 15 U.S.C. § 1681h(e) by imposing an even broader scope of FCRA preemption. *See, e.g.*, *Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011). Several district courts within the Fifth Circuit have concluded to the contrary. *See, e.g.*, *James v. MRC Receivables Corp.*, Civ. A. No. 16-0448, 2018 WL 3213147 (W.D. La. June 28, 2018); *Meisel v. USA Shade & Fabric Structures, Inc.*, 795 F. Supp. 2d 481 (N.D. Tex. 2011). In the present case, it does not matter which provision is the basis for the preemption of Wilborn's negligence claim. The result is the same under either interpretation.

## III. CONCLUSION

Plaintiff Martha Wilborn's negligence claim for misreporting her credit information is preempted by the FCRA, and her FCRA claim for the same is barred by the statute of limitations. Accordingly, the Court need not address whether Equifax, Inc. is a proper defendant to the FCRA claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Motion to Dismiss filed by Defendants Equifax, Inc. and Equifax Information Services, LLC is **GRANTED**. Plaintiff Martha Wilborn's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 8th day of February, 2019.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE